UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

|  |  |
|---|---|
| TRACI LEE PINA, individually and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiff, | ) ) CASE NO. |
| vs. | ) ) ) |
| BRINKER INTERNATIONAL d/b/a CHILI'S, | ) ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL**

Defendant, BRINKER INTERNATIONAL d/b/a CHILI'S ("Defendant")[1], in accordance with 28 U.S.C. §§ 1332, 1441, 1446 and 1453, hereby files its Notice of and Petition for Removal (the "Notice"). Defendant requests that, pursuant to the Class Action Fairness Act, this action filed by Plaintiff, TRACI LEE PINA ("Plaintiff"), individually and on behalf of all others similarly situated be removed from the Seventeenth Judicial Circuit Court in and for Broward County, Florida to the United States District Court for the Southern District of Florida. The removal of this action is based on the following:

**I.    RELEVANT FACTUAL BACKGROUND**

1. On or about January 24, 2023, Plaintiff filed a class action Complaint in the Seventeenth Judicial Circuit Court in and for Broward County, Florida bearing Case No. CACE-23-000948 and styled *Traci Lee Pina, individually and on behalf of all others similarly situated v.*

---

[1] When filing suit in Broward County, Florida, Plaintiff's counsel improperly listed Defendant as Brinker International d/b/a Chili's.  Defendant's correct name is Brinker International, Inc.

*Brinker International d/b/a Chili's* (hereinafter the "Circuit Court Case"). A true copy of the Complaint is attached hereto as <u>Exhibit A</u>. This document was the initial pleading served upon Defendant setting forth the claims upon which Plaintiff's action is based.

2. On February 13, 2023, Plaintiff served Defendant with a Summons and the Complaint. *See* <u>Exhibit B</u>. Therefore, this Notice has been filed within 30 days after service of the Complaint pursuant to 28 U.S.C. § 1446(b).

3. A copy of all process, pleadings, and orders served upon Defendant is attached to this Notice as <u>Exhibit B</u>, as required by 28 U.S.C. § 1446(a).

4. Pursuant to 28 U.S.C. § 1446(d), Defendant provided written notice of the removal to all adverse parties in this action by filing a copy of this Notice in the Seventeenth Judicial Circuit Court in and for Broward County, Florida.

5. A removal is not proper unless "all defendants who have been properly joined and served … consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Defendant has complied with this requirement because Defendant is the only named Defendant and consents to removal and is filing this Notice of and Petition for Removal.

6. The district encompassing the place where the Circuit Court Case is pending is the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 1441(a).

7. In her one-count Complaint, Plaintiff alleges Defendant violated the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, when, on or around November 17, 2022, Defendant knowingly sent a "telephonic sales call," *i.e.* a text message, to Plaintiff's cellular telephone number for the purpose of soliciting a sale of consumer goods or services to Plaintiff. Complaint at ¶¶ 13-22. Plaintiff claims that Defendant failed to obtain prior express written consent to receive the text messages at issue from either herself or the purported class, and that

Defendant sent the text messages at issue using an "automated system for the selection or dialing of telephone numbers." *Id.* Plaintiff further claims that because Defendant's dialing equipment includes features substantially similar to a predictive dialer and can send messages in an automated fashion, which Plaintiff claims Defendant did in this case, and Plaintiff receives a cellular phone alert whenever she receives a text message, Defendant invaded Plaintiff's privacy and intruded upon her seclusion upon receipt. *Id.*

8. Plaintiff is bringing this lawsuit "as a class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3)." *Id*. at ¶23. The purported class is defined by Plaintiff as "[a]ll persons in Florida who, at any time since July 1, 2021, received a telephonic sales call made by or on behalf of Defendant using the same type of equipment used to make telephonic sales calls to Plaintiff." (the "Class"). *Id*. The Complaint further alleges that the Class meets all class certification requirements including numerosity, commonality, typicality, adequacy, predominance and superiority. *Id.* ¶¶ 30-38.

9. On behalf of herself and the class, Plaintiff seeks various forms of relief including: (i) an award of statutory damages of $500.00 for herself and each Class member for each of Defendant's alleged violations of the FTSA (or $1,500.00 for each such violation to the extent committed willfully or knowingly); (ii) an order certifying this action to be a proper class action; (iii) an injunction to "ensure Defendant refrains from violating the FTSA in the future;" and (iv) attorney's fees and costs. *Id.* ¶49 and at p. 13, "Prayer for Relief."

**II.     THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332(d), THE CLASS ACTION FAIRNESS ACT**

10. This Court has jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), which grants district courts original subject matter jurisdiction over any civil action involving a proposed class of at least 100 members "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1332(d)(5)(B). A defendant seeking removal on grounds of CAFA jurisdiction must prove the jurisdictional elements by a preponderance of the evidence. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). Removal of this matter is appropriate as all of the elements required to establish original subject matter jurisdiction over this action under CAFA are satisfied.

### A. This Matter is a "Class Action"

11. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff styled her Complaint as a "Class Action Complaint," and has brought this action on behalf of herself and as a representative of all other similarly situated individuals pursuant to Florida Rule of Civil Procedure § 1.220(b)(2) and (b)(3). Compl. at ¶ 23. This is the state law counterpart to Fed. R. Civ. P. 23.

12. Thus, this action is a "class action" within the meaning of 28 U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453(a).

### B. There Is Minimal Diversity

13. In order to meet the "minimal diversity" required by CAFA, any member of a class of plaintiffs must be a citizen of a state different from any defendant. 28 U.S.C. § 1332(d). *See*

*Cooper v. R.J. Reynolds Tobacco Co.,* 586 F. Supp. 2d 1312, 1315 (M.D. Fla. 2008) (minimal diversity existed because "by definition all valid plaintiffs are citizens of Florida" and defendant was a citizen of Virginia).

14. Plaintiff claims that, at all times relevant to the Complaint, he was a citizen and resident of Broward County, Florida. Compl. at ¶ 3. Further, Plaintiff seeks to represent a class of "all persons in Florida." *Id.* at ¶ 23.

15. Defendant, however, is a foreign corporation organized and incorporated under the laws of Delaware and maintains its principal place of business and headquarters in Dallas, Texas. *Id.* at ¶ 5. A corporation is a citizen of any state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

16. Thus, minimal diversity exists within the meaning of 28 U.S.C. § 1332(d)(2)(A) because Defendant is not a citizen of the same state as Plaintiff.

    **C.**    **CAFA's Amount in Controversy Requirement is Satisfied**

17. Where, as here, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, subject matter jurisdiction under CAFA applies. *See* 28 U.S.C. § 1332(d)(2).

18. Pursuant to 28 U.S.C. § 1332(d)(6), "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." This "amount in controversy" requirement is based on the amount that will be put at issue in the course of litigation, not the amount that the plaintiff is likely to recover. *Anderson v. Wilco Life Ins. Co.,* 943 F.3d 917, 925 (11th Cir. 2019).

19. To determine whether the amount in controversy requirement is satisfied, case law has established that the Court may consider the entire record presented to it and not just the allegations in the Complaint. *See Pretka*, 608 F.3d at 754 (stating that, "when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] [t]hat kind of reasoning is not akin to conjecture, speculation, or star gazing"); *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (stating that "[i]n some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper."). A court need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770 (internal quotations and citations omitted). Although not required, a defendant may introduce affidavits, declarations, or other documentation to demonstrate that CAFA's jurisdictional amount in controversy has been met. *Roe*, 613 F.3d at 1061; *Pretka,* 608 F.3d at 755.

20. "[W]hen it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff. To do otherwise would abdicate the court's statutory right to hear the case and reward a plaintiff for 'employing the kinds of manipulative devices against which the Supreme Court has admonished [courts] to be vigilant.'" *Cowan v. Genesco, Inc.*, Case No., 2014 U.S. Dist. LEXIS 95412, at **7-8 (M.D. Fla. Jul. 14, 2014) (citing *Roe*, 613 F.3d at 1064).

21. Here, although Defendant denies that Plaintiff or any member of the putative class has properly stated a cause of action or is entitled to any monetary relief, in the Complaint, Plaintiff

6

seeks damages exceeding the minimum jurisdictional amount under CAFA of $5,000,000.[2] Defendant's calculation is preliminary based on the purported class allegations in the Complaint. Specifically, Plaintiff seeks relief for herself and the purported class in the amount of a minimum of $500.00 in damages for each violation, *i.e.* for each text message sent to each individual allegedly without prior written consent, under the FTSA or $1,500.00 in damages for each violation if a Court finds that Defendant "willfully or knowingly" violated the FTSA, which permits Plaintiff to seek treble damages. Fl. Stat. § 501.059(10)(b); *see also* Compl. at ¶49 and Prayer for Relief.

22.  In the Complaint, Plaintiff alleges that there are several thousand class members, who collectively received "at least tens of thousands" of texts on behalf of Defendant during the relevant time period of July 1, 2021 forward. Compl. ¶31. Even assuming the low end of Plaintiff's allegations and 10,000 text messages are at issue, Plaintiff seeks a minimum of $500 per text message or a maximum of $1,500 per text message, which amounts to a range of $5,000,000-$15,000,000. *Id.* Additionally, as written, Plaintiff's allegations suggest "tens of thousands" of texts are at issue, which is even higher. *Id.* Thus, the aggregate amount of alleged statutory damages alone exceeds $5,000,000, based on the allegations in the Complaint. Plaintiff and the class further seek damages in the form of attorneys' fees which may be considered as part of the amount in controversy as attorneys' fees are authorized under the FTSA. *See* Fla. Stat. § 501.059(11)(a).

---

[2] The following analysis is made to demonstrate that the amount in controversy in this action is more likely than not in excess of the jurisdictional limit at issue. By making this analysis, Defendant makes no admission that Plaintiff is entitled to any damages or to any form of relief whatsoever. Moreover, Defendant does not believe a class is appropriately certifiable and reserves the right to challenge anyone as an appropriate class member.

23. While Defendant disputes that Plaintiffs will ultimately prove they are entitled to *any* damages, there can be no doubt that Plaintiff's Complaint seeks damages exceeding $5 million by a substantial margin. Accordingly, CAFA's "amount in controversy" element is satisfied.

### D. The Proposed Class Is Greater Than 100 Members

25. As alleged in the Complaint, the proposed class includes "[a]ll persons in Florida who, at any time since July 1, 2021, received a telephonic sales call made by or on behalf of Defendant using the same type of equipment used to make telephonic sales calls to Plaintiff." Compl. at ¶ 23. Plaintiff estimates that this purported class includes "at least several thousand persons dispersed throughout Florida." *Id.* at ¶31. Plaintiff, however, acknowledges that the exact number and identities of the putative class members can be ascertained through discovery, and that identification of the class members is capable of ministerial determination from Defendant's call records. *Id.* at ¶26. Therefore, based on the Complaint's proposed class definition, the potential class includes more than 100 class members, meeting the CAFA numerosity requirement.

### III. CONCLUSION

Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(d) and 1441, and the claims may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Accordingly, Defendant respectfully requests that the United States District Court for the Southern District of Florida accept the removal of this action from the Circuit Court in and for Broward County, Florida and direct that the Circuit Court has no further jurisdiction of this matter unless and until this case is remanded.

DATED this 14th day of March, 2023.

>Respectfully submitted,
>
>JACKSON LEWIS P.C.
>390 North Orange Avenue, Suite 1285
>Orlando, Florida 32801
>Telephone:   (407) 246-8440
>Facsimile:   (407) 246-8441
>
>
>By:   */s/ Amanda A. Simpson*
>          Amanda A. Simpson
>          Florida Bar No. 0072817
>          amanda.simpson@jacksonlewis.com
>
>Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of March, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and a copy furnished by email to Frank Hedin, Esq. and Arun Ravindran, Esq., Hedin Hall LLP, 1395 Brickell Avenue, Suite 1140, Miami, FL 33131.

>*/s/ Amanda A. Simpson*
>Amanda A. Simpson

4856-3779-5668, v. 1